UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re BEATRICE A. BERG,<br><br>            Debtor. | In Chapter 7 proceedings<br><br>Case No. 05-16673-PHX-CGC |
| PATRICK H. GRIMES,<br><br>            Plaintiff,<br>v.<br>BEATRICE A. BERG,<br><br>            Defendant. | Adversary No. 05-00772 |
| PATRICK H. GRIMES,<br><br>            Plaintiff,<br>v.<br>BERG & ASSOCIATES, INC., an Arizona corporation,<br><br>            Defendant. | Adversary No. 05-0076<br><br>**UNDER ADVISEMENT DECISION RE: ATTORNEYS' FEES AND COSTS** |

      Counsel for Plaintiff Patrick H. Grimes seeks attorneys' fees and costs incurred in litigating the underlying 11 U.S.C. section 523(a)(2)(A), (a)(4), and (a)(19) nondischargeability complaint against Debtor Beatrice A. Berg. The nondischargeability complaint arose from a state court judgment awarding Plaintiff $50,000 on his breach of contract claim, interest of over $23,000, attorneys' fees and costs of over $16,000, and interest on such amounts at 10% per annum. The judgment was ultimately affirmed on appeal with a modification to the attorneys' fee award.

      It is undisputed that during the state court proceedings, Debtor made various critical admissions and, in particular, that she had altered the remittance copies of two bank checks and presented them to Plaintiff to convince him that other investors had invested in the project already

and to entice him to do the same. Subsequently, Debtor filed for bankruptcy protection, and Plaintiff filed two adversary proceedings against Debtor and her corporation alleging that the state court judgment against Debtor is nondischargeable. In an effort to resolve the matter quickly and without litigation, Counsel for Plaintiff attempted to negotiate a settlement with Debtor, whereby Debtor would stipulate that the judgment was nondischargeable. Such offer was ignored. Further, after filing her Answer to Plaintiff's Complaint, Plaintiff's Counsel wrote to Debtor's Counsel and pointed out that some of Debtor's denials in her Answer conflicted directly with her admissions in her state court Joint Pretrial Statement. Plaintiff's Counsel asked that the Answer be amended. Again, there was no response.

As a result, Plaintiff sought summary judgment in these consolidated adversaries on several grounds. Of particular relevance to this proceedings, Plaintiff argued that Debtor had admitted the elements of fraud in the prior proceeding – that she knowingly made misrepresentations to Plaintiff by, among other things, altering the remittance copies of the bank checks, with the intent to induce Plaintiff into investing in the project, and that as a result Plaintiff was injured. As such, she was estopped from arguing otherwise in these proceedings. Debtor did not challenge this argument in her response. Instead, she argued that estoppel principles in fact precluded Plaintiff from pursuing his case in this Court and that some of the state law claims were barred by the statute of limitations. A hearing was held on February 22, 2006, at which time this Court granted Plaintiff summary judgment on the Section 523(a)(2)(A) claim. Tellingly, Debtor again did not deny making the misrepresentations to Plaintiff in an attempt to induce him to enter into the transaction. In fact, such admissions were again admitted. The Court was struck by the fact that Debtor had no defense on the merits to the fraud claim. There simply was no defense that could be presented based on the undisputed, underlying facts.

In his motion for summary judgment, Plaintiff also sought an award of attorneys' fees in having to pursue this adversary. Debtor made no objection to the request, and it was not addressed by the parties otherwise during the summary judgment proceedings. Subsequently, Plaintiff forwarded a form of order to Debtor and lodged it with this Court for signature. Again, Plaintiff

2

Case 2:05-ap-00772-CGC    Doc 55    Filed 05/01/06    Entered 05/01/06 14:23:29    Desc
Main Document    Page 2 of 7

indicated in that form of order that he would be submitting an affidavit to the Court for his attorneys' fees and costs. There was no objection from Debtor and Plaintiff filed his Affidavit in Support of Attorney's Fees and Costs, to which Debtor now objects. This is where we find ourselves today.

Pursuant to his affidavit, Plaintiff's Counsel seeks $10,015 in fees, $500 in taxable costs, and $299.42 in related non-taxable costs for pursuing this adversary. He seeks such fees under both state and federal law. Counsel seeks fees pursuant to Arizona Revised Statute ("A.R.S.") section 12-341.01(A), which allows the successful party in a contract action to recover its reasonable attorneys' fees. As the Court noted at the hearing on this matter, Plaintiff's Counsel misapplies Subsection A in this dischargeability case. The adversary proceeding before this Court is not one involving a contract action. It is purely a question of federal bankruptcy law – whether the judgment is dischargeable. While the state court judgment itself arose out of a breach of contract action, that does not support the award of fees in this dischargeability case. *See In re Ball,* 257 B.R. 309 (Bankr. D. Ariz. 2001) (holding that where substantive issue was governed solely by federal preference law, the trustee was not entitled to award of fees under state law).

However, Counsel also seeks fees under Subsection C of A.R.S. 12-341.01 and federal law recognizing an exception to the American Rule, *See In re Fobian,* 951 F.2d 1149 (9th Cir. 1991), allowing fees where clear and convincing evidence establishes that the "claim or defense constitutes harassment, is groundless and is not made in good faith." Similarly, Counsel argues that A.R.S. section 12-349 also allows fees on such grounds:

> **A.** Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
>
> 1. Brings or defends a claim without substantial justification.
>
> 2. Brings or defends a claim solely or primarily for delay or harassment.
>
> \*        \*        \*

3

**B.** The court may allocate the payment of attorney fees among the offending attorneys and parties, jointly or severally, and may assess separate amounts against an offending attorney or party.

\* \* \*

**F.** In this section, "without substantial justification" means that the claim or defense constitutes harassment, is groundless and is not made in good faith.

The Court agrees that under this analysis, fees are appropriate in this case – regardless of whether such an award is permissive or mandatory. Debtor and her Counsel proceeded with this adversary despite Debtor's clear admissions in the state court proceedings establishing fraudulent conduct. In responding to Plaintiff's Complaint, Debtor made various denials completely at odds with her earlier admissions and without any explanation as to how these discrepancies could possibly be consistent with her earlier admissions.

Further, Plaintiff made several offers over time to resolve this matter without the necessity of this adversary. Debtor's Counsel did not simply decline; he failed to respond at all. Again on summary judgment, he offered no denial that Debtor had previously admitted engaging in fraudulent conduct. Instead, Counsel attempted to argue that Plaintiff was collaterally estopped from bringing a fraud claim here because the fraud claims pled in the original state court case had been dismissed without prejudice. In addition, Counsel argued that any such fraud claims were now barred by the statute of limitations.

As the Court pointed out at the summary judgment hearing, Counsel's arguments illustrated a fundamental misunderstanding of the bankruptcy law and the proceedings here before this Court. Plaintiff was not seeking to litigate a state law fraud claim here. He was seeking to determine the dischargeability of a judgment he had already received by the state court. Therefore, the statute of limitations on the state law fraud claim was irrelevant. Plaintiff had a valid state court judgment already: The question was simply whether there were any grounds under bankruptcy law to find it nondischargeable. Further, the claim that the fraud claims were actually litigated by way of the state court's dismissal of the fraud counts was

4

similarly completely off base and ignored the plain facts of the case. As the state court record clearly showed, the state court granted Plaintiff's motion to amend his complaint to add a state law fraud claim. Subsequently, once the state court granted Plaintiff summary judgment on his breach of contract claim, Plaintiff *voluntarily* dismissed his fraud claim and *without prejudice*. The fraud claim at that point was somewhat unnecessary, as Plaintiff had won his case. The voluntarily dismissal without prejudice is not a litigation on the merits. That is a hornbook law.

The next question is who is responsible for paying these fees and costs and for what amount.[1] The ultimate responsibility for proceeding with this case and making the legal arguments that were proffered lies with Debtor's Counsel. Ethical Rule 3.1 (Supreme Court Rule of Professional Conduct 42) provides that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issues therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." This imposes a duty not to abuse the legal process. In this case, the process was abused as there was no basis for the defenses asserted here. Even if Debtor herself was the impetus for pursuing this matter, it was Counsel's obligation to determine whether doing so was appropriate. Counsel is not required to pursue any claim a client presents. Counsel has a duty to evaluate all claims and determine whether they are valid or frivolous. The question is not simply whether the claim would eventually fail. The question is whether the claim has a reasonable basis in law. As the Comment to 3.1 states, "[t]he action is frivolous, however, if the client desire to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action by a good faith argument for an extension, modification or reversal of existing law."

---

[1] By the time of the hearing on this matter, Debtor's Counsel, Mr. O'Connor, had withdrawn and Debtor was unrepresented on this issue. Interestingly, given that the statutes under which fees were sought to be assessed clearly provide an award against Counsel, it is surprising that he did not appear to defend himself.

5

A similar duty is set forth in Rule 11, in which the signature of an attorney on any pleading avers that to the attorney's "knowledge, information, and belief formed after reasonable inquiry it [the pleading] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11 allows the Court, on motion or *sua sponte*, to impose upon the person signing the pleading an appropriate sanction, which may include reasonable attorneys' fees.

The defenses asserted here were purely legal and not factual; from their face, they were not premised upon facts within the control of or subject to the credibility of Debtor. Rather, they were asserted by Counsel without substantial justification.

Last, the Court has reviewed Counsel's time entries and concludes that they are reasonable. The Court notes that Counsel appropriately did not include within his attorneys' fee request any fees incurred participating in general bankruptcy matters unrelated specifically to this adversary proceeding. The fees sought relate solely to the litigation of this adversary proceeding.

For the foregoing reasons, and in accordance with applicable state and federal law, the Court grants Plaintiff's request for attorneys' fees and costs in the amounts of $10,015 in fees, $500 in taxable costs, and $299.42 in nontaxable costs to be assessed against Counsel Sallquist, Drummond & O'Connor, P.C., and not against Debtor . Plaintiff's Counsel is to lodge a form order for the Court's signature.

So ordered.

**DATED:** May 1, 2006

_____
CHARLES G. CASE II

6

Case 2:05-ap-00772-CGC    Doc 55    Filed 05/01/06    Entered 05/01/06 14:23:29    Desc
Main Document      Page 6 of 7

UNITED STATE BANKRUPTCY JUDGE

**COPY** of the foregoing mailed or sent
via facsimile this 1st day of May, 2006 to:

Mark C. Hudson
Schian Walker, PLC
3550 N. Central Ave. Suite 1500
Phoenix, Arizona 85012-2188
Attorneys for Plaintiff

Dean William O'Connor
Sallquist, Drummond & O'Connor PC
1430 E. Missouri Avenue, Suite B-125
Phoenix, Arizona 85014
Attorneys for Debtor

Steve J. Brown
Steve Brown & Associates, PC
1440 E. Missouri Avenue, Suite 185
Phoenix, Arizona 85014-2412
Attorneys for Trustee Maureen Gaughan,
Berg Chapter 7 Trustee

Terry A. Dake
Terry A. Dake, Ltd.
11811 North Tatum Blvd., Suite 3031
Phoenix, Arizona 85028-1621
Attorney for Trustee Movitz,
B&A Chapter 7 Trustee

By:  Shirley Dunbar, Judicial Assistant